**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JAVOL IVAN RENDON-TORRES, | **Hon. Renée Marie Bumb** |
| Petitioner, | Civil No. 13-0719 (RMB) |
| v. |  |
| JORDAN HOLLINGSWORTH, | **OPINION** |
| Respondent. |  |

**APPEARANCES**:

> JAVOL IVAN RENDON-TORRES, #41347-018
> FCI Fort Dix
> P.O. 2000
> Fort Dix, NJ 08640
> Petitioner Pro Se

**BUMB, District Judge**:

Javol Ivan Rendon-Torres filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on January 16, 2004, by Judge Richard A. Lazzara in the United States District Court for the Middle District of Florida. See United States v. Rendon-Torres, Crim. 03-0340 (RAL) docket no. 188 (M.D. Fla. Nov. 17, 2004). Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition.

## I. BACKGROUND

On November 3, 2003, Rendon-Torres pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(g) and (j), revised as 46 U.S.C. § 70503 (2006), and 21 U.S.C. § 960(b)(1)(B)(ii); and possession with intent to distribute five kilograms of more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) and (g), revised as 46 U.S.C. § 70503 (2006), and 21 U.S.C. § 960(b)(1)(B)(ii). See United States v. Rendon-Torres, Crim. 03-0340 (RAL) docket no. 188 (M.D. Fla. Nov. 17, 2004). On January 16, 2004, Judge Lazzara sentenced Rendon-Torres to 151 months in prison and three years of supervised release. Rendon-Torres appealed, arguing that the district court erred in assessing him a two-level enhancement for possession of a firearm and in denying his motion for a minor-role sentencing reduction. On October 13, 2004, the Eleventh Circuit affirmed. See United States v. Rendon-Torres, 123 Fed. App'x 386 (11th Cir. 2004) (table). On May 24, 2012, Judge Lazzara denied Rendon-Torres' motion for a reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b) on the ground that the government did not file a motion for a sentencing reduction. Id. at docket no. 228.

Rendon-Torres, who is now incarcerated at FCI Fort Dix in New Jersey, signed his § 2241 Petition on December 11, 2012. The Clerk accepted it for filing on February 5, 2013. He challenges his sentence on two grounds: "New 11th Circuit law - No Jurisdiction in Territorial Waters," and "Illegal Incarceration, No Jurisdiction to Impose a Prison Sentence." (Dkt. 1 at 6.) In an attached memorandum of law, relying on United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), Rendon-Torres contends that his incarceration is illegal because he is "illegally incarcerated for lack of jurisdiction of the sentencing Court to impose any imprisonment," and "[t]he act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion." (Dkt. 1 at 9, 10.) Factually, he alleges that in August 2003, the United States Coast Guard seized him in a vessel located 93 miles from Columbia, and prosecuted him under the Maritime Drug Law Enforcement Act. Id. at 11. Relying on Bellaizac-Hurtado, he seeks a writ of habeas corpus vacating his sentence or, in the alternative, ordering an evidentiary hearing. Id. at 16.

## II.  DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

3

Nevertheless, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e);[1] see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's § 2255 motion was denied on the merits and the Third Circuit determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[2]  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the

---

[2] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1) and (2).

5

need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Rendon-Torres claims that he is imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), after his conviction became final. In Bellaizac-Hurtado, the Eleventh Circuit reversed convictions under the Maritime Drug Law Enforcement Act on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation."[3] Id. at 1249. But the holding of Bellaizac-Hurtado does not make Rendon-Torres' conduct non-criminal because Rendon-Torres asserts that he was convicted of drug trafficking 93 miles from Columbia (Dkt. 1 at 11), which puts him in international waters, not the territorial waters of another nation.[4] In addition, unlike Dorsainvil, Rendon-Torres did not

---

[3] The United States argued that the Maritime Drug Law Enforcement Act, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, §8, cl.10. See Bellaizac-Hurtado, 700 F.3d at 1248.

[4] Territorial waters are the coastal waters extending seaward at most four leagues (12 nautical miles) from the baseline of a nation. See Landaverde v. Hollingsworth, Civ. No. 12-7777 (JBS), 2013 WL 2251774, *3 n.4 (D.N.J. May 22, 2013); see also Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President
(continued...)

6

seek to raise his Bellaizac-Hurtado challenge in a § 2255 motion brought in the Middle District of Florida.  Finally, other judges in this Court have recently found that they lacked jurisdiction under § 2241 to entertain an identical claim brought an inmate who was convicted under the Maritime Drug Law Enforcement Act in the Middle District of Florida of drug trafficking in waters 160 miles off the coast of Columbia.  See Landaverde v. Hollingsworth, Civ. No. 12-7777 (JBS), 2013 WL 2251774 (D.N.J. May 22, 2013); Pandales v. Hollingsworth, Civ. No. 13-0841 (RBK), 2013 WL 618204 (D.N.J. Feb 19, 2013).  Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Rendon-Torres' claim and will dismiss the § 2241 Petition for lack of jurisdiction.  Id.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: May 30, 2013

---

⁴(...continued)
announced that the United States would henceforth recognize a territorial sea of 12 nautical miles").